**Mick J. DUBEA, Plaintiff–Appellee**

v.

**John C. SIMPSON, Defendant– Appellant.**

**No. 07–41218**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 7, 2008.

Gary Neale Reger, Orgain, Bell & Tucker, Thomas Walter Umphrey, Provost Umphrey, Beaumont, TX, Clayton E. Dark, Jr., Lufkin, TX, for Plaintiff–Appellee.

James M. Garner, Sher Garner Cahill Richter Kelin & Hilbert, New Orleans, LA, for Defendant–Appellant.

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

John C. Simpson appeals the district court's order denying Simpson's motion to

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

dismiss for lack of personal jurisdiction. Simpson maintains that this court has jurisdiction to review the order under 28 U.S.C. § 1291 and the collateral order doctrine. An order denying a motion to dismiss for lack of personal jurisdiction is not appealable under the collateral order doctrine, because it is reviewable on appeal from a final judgment. *See Lauro Lines S.R.L. v. Chasser,* 490 U.S. 495, 499–501, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989); *Van Cauwenberghe v. Biard,* 486 U.S. 517, 526–27, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988); *see also Byrd v. Corporacion Forestal y Industrial de Olancho, S.A.,* 182 F.3d 380, 381 n. 1 (5th Cir.1999).

Simpson's contemporaneously-filed petition for a writ of mandamus is DENIED. Because the district court's order is reviewable on appeal from a final judgment, Simpson cannot show that he has "no other adequate means to attain the relief he desires," which is one of the prerequisites for mandamus relief. *See In re United States,* 397 F.3d 274, 282 (5th Cir.2005).

Because we lack jurisdiction to review the order denying Simpson's motion to dismiss for lack of personal jurisdiction, the appeal is

DISMISSED.